[Crim. No. 3390.  Second Appellate District, Division Two.—December 31, 1940.]

THE PEOPLE, Respondent, v. LOIS MANES, Appellant.

James O. Warner for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty of robbery in the first degree after trial by jury defendant appeals. There is also an appeal from an order denying her motion for a new trial.

The essential facts are:

Shortly before 2:00 A. M. on January 4, 1940, Mr. Sellman, who operated a liquor store at 4263 South Western Avenue, Los Angeles, was held up by a bandit at the point of a gun, who removed cash from the register in the front of the store. Having done so, he said to Mr. Sellman, "Stand there and nobody will get hurt." The bandit left, whereupon Mr. Sellman, seeing the bandit standing in front of the store, got his own gun, shot at the bandit, and mortally wounded him.

At about the same time defendant was observed driving her car very slowly in front of the liquor store while she looked into it. This was shortly after the shooting.

Thereafter defendant mingled with the crowd around the dying bandit, looked at him, asked what had happened, walked across the street, and engaged in conversation with a Mr. Roah, who was a total stranger to her. She accepted his invitation to go to a restaurant and have something to eat and thereafter Mr. Roah and defendant repaired to her apartment where she served him two drinks, and they had sexual intercourse. Defendant was the wife of the deceased bandit.

It is significant that appellant does not urge as a ground of reversal of the judgment insufficiency of the evidence to sustain the conviction. Therefore, we will not set forth in detail the abundance of incriminatory evidence upon which the judgment was based.

She relies for reversal of the judgment on these propositions:

*First: The district attorney committed prejudicial error by asking the following questions during the course of the trial:*

"*Q. Your husband was an ex-convict, wasn't he?*

*"Mr. WARNER: Just a second. I object to that as incompetent, irrelevant and immaterial and I assign it as misconduct on the part of the District Attorney in this case.*

*"The COURT: It will be sustained and the jury is admonished to disregard the same."*

. . . . . . . . . . . . . .

*"Q. You knew your husband had committed other robberies?*

*"A. No.*

*"Mr. WARNER: Just a second. I object to that line of questioning on the ground that it is prejudicial conduct on the part of the District Attorney, incompetent, irrelevant, immaterial; and I ask the Court to declare a mistrial if this conduct continues.*

*"The COURT: It will be sustained.*

*"Mr. GALLIANO: The matter was brought out by the defense himself.*

*"The COURT: It will be sustained. The jury is admonished to disregard the last question."*

Second: The trial court committed prejudicial error in permitting Mr. Roah to testify over objection that he had sexual intercourse with defendant on the evening her husband was shot and killed.

Defendant's first proposition is untenable. To the questions asked, which are here urged as error, by the district attorney, the trial court in each instance sustained an objection and admonished the jury to disregard the same. In view of the fact that the jury had before it uncontradicted evidence that defendant's husband had been shot and killed shortly after having perpetrated a robbery we fail to see where any prejudice which was not fully cured by the admonitions of the court resulted to defendant from the questions which were asked and to which objections were sustained. Hence, under section 4½ of article VI of the Constitution, the error, if any, was not prejudicial.

Defendant's second proposition likewise is untenable. It may be conceded that it was error to admit evidence of defendant's immoral act with Mr. Roah; however, under the circumstances such error was not prejudicial to the defendant, since Mr. Roah was permitted to testify without objection that it was around 4:00 A. M. of the morning defendant's husband was killed that the police officers arrived at

defendant's apartment. The following questions and answers were also asked and given during his examination.

"Q. How long had you and this defendant been in bed when the police officers came?

"A. I wouldn't know the exact time.

"Q. Just approximately?

"A. I would say about a half an hour."

Since the foregoing quoted testimony was received without objection and we must assume that the jury was composed of men and women of ordinary intelligence and experience in the ways of the world, Mr. Roah's statement that he had sexual intercourse with defendant added nothing to the deduction which they undoubtedly made from the testimony just quoted.

An examination of the record fails to disclose any prejudicial error.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood, J., concurred.